# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

FILED: **11/10/10**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

| | | |
|---|---|---|
| HENRY L. DUPLANTIER | § | |
| | § | |
| V. | § | 1:09-CV-765 |
| | § | |
| DONALD HALE and | § | |
| ELEANOR MITCHELL | § | |

| | | |
|---|---|---|
| HENRY L. DUPLANTIER | § | |
| | § | |
| V. | § | 1:09-CV-816 |
| | § | |
| DUDLEY PRITCHARD | § | |

**Memorandum Opinion Re Motion to Dismiss**

These actions are before the undersigned by virtue of all parties' consent to a magistrate judge conducting all proceedings and ordering entry of judgments. See 28 U.S.C. § 636(c).

Defendants in both actions move for dismissal on several grounds, including lack of subject-matter jurisdiction. Because the arguments are substantially identical, this opinion addresses both motions.

# I. Introduction

A soured employment relationship at a United States Postal Service ("USPS") facility in Beaumont, Texas, has become intractable, resulting in a confusing plethora of administrative and judicial proceedings (both civil and criminal) in various venues, all centering around a disgruntled and embattled former supervisor, Henry L. Duplantier.

The record before the court discloses:

- At least six administrative complaints against USPS *by Mr. Duplantier* who alleges various forms of unlawful discrimination in employment due to race and age, and also retaliation for engaging in protected equal employment opportunity activities;

- Numerous workplace grievances *against Mr. Duplantier* filed by subordinate postal employees assisted by union representatives;

- One sexual harassment complaint *against Mr. Duplantier* filed by a female postal employee;

- Two incidents in which the Inspection Service, the law enforcement arm of USPS, *prevented Mr. Duplantier from entering USPS premises* without authorization.

- A post-termination *felony criminal conviction* of Mr. Duplantier (stalking) arising from his stormy employment relationship;[1]

- A court-ordered commitment of Mr. Duplantier to Rusk State Hospital for a *psychiatric and mental competency evaluation*;

---

[1] In the criminal action, Duplantier's bond was increased from $50,000 to $1,000,000 due to his threats to bring a weapon into public locations. Duplantier was unable to make the increased bond, and spent considerable time in pretrial detention until he was committed to Rusk State Hospital for a mental evaluation.

- Three *state-court civil actions* filed by Mr. Duplantier *pro se*, alleging causes of action in tort against USPS employees (all such actions being subsequently removed to this federal court); and

- Three additional *federal employment discrimination actions* under Title VII of the Civil Rights Act of 1964 filed by Mr. Duplantier *pro se* and *in forma pauperis*.

This opinion addresses two of the three civil cases removed from state court, and concludes that they must be dismissed because of lack of subject-matter jurisdiction.

## II. Nature of Suits; Parties

The plaintiff in both suits is Henry L. Duplantier ("Duplantier"), a resident of Beaumont, Texas. In each suit, Duplantier proceeds *pro se*. Each suit originally was filed in the small claims court of Jefferson County, Texas, and removed to this federal court under 28 U.S.C. § 1442.[2]

In cause number 1:09-CV-765 (referred to for convenience as *"Mitchell-Hale"*), defendants are Eleanor Mitchell ("Mitchell"), and Donald Hale ("Hale"), respectively the postmaster and plant manager of the USPS facility in Beaumont, Texas, when Duplantier was employed there. In his original, state-court petition, Duplantier alleges that these defendants caused him to suffer damages in the amount of $10,000.00 by their *"slander and trespassing, harassing, stalking, threatening."*

---

[2] 28 U.S.C. § 1442 authorizes removal of state court civil actions commenced against any federal employee acting under color of his federal office. Each federal employee defendant has executed a declaration stating that their interactions with Duplantier were solely the result of their employment with USPS. Duplantier has not objected to removal by moving to remand, nor has he objected to the declaration submitted by each defendant.

In cause number 1:09-CV-816 (referred to for convenience as "*Pritchard*"), the sole defendant is Dudley Pritchard, Supervisor, Maintenance Operations of the United States Postal Service ("USPS") facility in Beaumont, Texas, when Duplantier was employed there. In his original, state-court petition, Duplantier alleges that defendant caused him to suffer damages in the amount of $10,000.00 also as a result of slander.

In each action, the United States Attorney for the Eastern District of Texas answered the suit in behalf of the individual defendants and also the United States of America. In addition, after removing these actions to federal court, the United States Attorney moved to substitute the United States as a defendant, and moved to dismiss.

### III. Motions To Dismiss

In each of the above actions, defendants asserts several grounds for dismissal, only one of which requires analysis. They move to dismiss under Rule 12(b)(1), Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. They argue that (a) claims asserted in both actions are governed by the Federal Tort Claims Act ("FTCA"), and (b) they are subject to dismissal because Duplantier failed to exhaust administrative remedies by presenting his claims to an appropriate federal agency prior to filing these suits. In partial support of their motions, all defendants submit under penalty of perjury declarations stating that all their communications with Duplantier were made in their respective roles as USPS employees, and that no interaction took place with Duplantier outside of those specific roles.

Duplantier did not respond to either motion, nor did he submit controverting evidence regarding the defendants' declarations.

## IV. Discussion and Analysis

*A.    Subject-Matter Jurisdiction*

"Subject-matter jurisdiction" is a term of art that refers to the court's authority over the category of a claim in suit. Ruhrgas AC v. Marathon Oil Co., 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). Federal courts have *limited* jurisdiction, and absent jurisdiction conferred by statute or the Constitution, they lack power to adjudicate claims. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996); see also Stockman v. Federal Election Comm'n., 138 F.3d 144, 151 (5th Cir. 1998). Thus, dismissal for lack of subject-matter jurisdiction is proper "when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2d Cir. 1996).

Subject-matter jurisdiction must be established as a threshold matter, inflexibly and without exception. Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Parties may not *agree* to confer subject-matter jurisdiction upon a federal court, United States v. Hazlewood, 526 F.3d 862, 864 (5th Cir. 2008), nor can such jurisdiction be established by *waiver*, Howrey v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Federal trial courts, moreover, *must* raise lack of subject-matter jurisdiction on their own motions whenever the issue becomes apparent. Ins. Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (quoting Mansfield, C & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)).

The burden "of establishing federal jurisdiction rests on the party seeking the federal forum." Stafford v. Mobil Oil Corp., 945 F.2d 803, 804 (5th Cir. 1991). Thus, when a defendant challenges existence or exercise of jurisdiction, the burden falls on the plaintiff to demonstrate that such jurisdiction is proper. Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985).

A Rule 12(b)(1) motion to dismiss challenges the court's subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Den Norske Stats Oljeselskap As v. HeereMack V.O.F., 241 F.3d 420, 424 (5th Cir. 2001), cert. denied, 534 U.S. 1127, 122 S.Ct. 1059, 151 L.Ed.2d 967 (2002) (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)).

## B.    *Westfall Act*

The Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the "Westfall Act"),[3] provides that an action against the United States is the sole remedy for those injured by wrongful acts committed by a federal employee *while the employee is acting within the scope of his office or employment.* See 28 U.S.C. § 2679(b)(1). The statute further provides that the remedy against the United States provided by the Federal

---

[3] Pub.L. No. 100-694 (November 18, 1988). Congress passed the Westfall Act in response to the gradual erosion of the sovereign immunity of federal employees because of judicial decisions such as Westfall v. Erwin, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), in which the Supreme Court determined that in order for a federal employee to be entitled to immunity the challenged conduct must be discretionary in nature, and the contribution of immunity to effective government must outweigh the harm to individual citizens. Westfall, 484 U.S. 292 at 294-298.

Tort Claims Act ("FTCA")[4] for injury arising or resulting from the wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is *exclusive of any other civil action or proceeding for money damages.* 28 U.S.C. § 2679(b)(1). Finally, it provides that any other civil action or proceeding for money damages arising out of or relating to the same subject matter is *precluded.* Id.

*C. Federal Tort Claims Act*

As is universally acknowledged, the FTCA *is* a "*limited* waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for *certain torts* of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976) (emphasis added). With respect to those torts for which sovereign immunity is waived, FTCA vests federal district courts with exclusive jurisdiction. 28 U.S.C. § 1346(b) (2006).

"[W]aivers of sovereign immunity are strictly construed and ambiguities in statutory language are construed in favor of immunity." Flory v. United States, 138 F.3d 157, 160 (5th Cir. 1998) (citing Lane v. Pena, 518 U.S. 187, 190-92, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996)). FTCA suits, therefore, must be filed in *exact compliance* with the terms under which the federal government has agreed to be sued. See Gregory v. Mitchell, 634 F.2d 199, 204, n.1 (5th Cir. 1981) (citing Childers v. United States, 316 F.Supp. 539, 542 (S.D. Tex. 1970), aff'd, 442 F.2d 1299 (5th Cir.), cert. denied, 404 U.S. 857 (1971)). Absent such compliance, sovereign immunity prevails, and it precludes imposition of liability against the United States, its agencies and employees. See, e.g., McAfee v. 5th Circuit Judges, 884 F.2d 221, 222-23 (5th Cir. 1989).

---

[4] 28 U.S.C. §§ 1346(b), 2671, *et seq.*

"Presentment" of an FTCA claim to the appropriate agency and denial of that claim by the agency in writing, sent by registered or certified mail, are prerequisites to a tort suit brought against the United States. 28 U.S.C. § 2675(a);[5] Cook v. United States Dept. of Labor, 978 F.2d 164, 166 (5th Cir. 1992). Therefore, a claimant may not file an FTCA suit against the United States on a tort claim that has not been presented to, and finally denied by, the appropriate federal agency. See Stancomb v. United States, 121 F.Supp.2d 1019, 1020 (E.D. Tex. 2000). Additionally, plaintiff has the burden of proof on this issue because presentment is a *jurisdictional prerequisite* to bringing a claim for money damages against the United States under the FTCA. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002).

D. *Application*

Because Duplantier failed to oppose the defendants' declarations that at all times they acted within the scope of their office or employment when their allegedly wrongful actions occurred, the court must accept defendants' declarations as undisputed facts. Such facts compel the conclusion that the Westfall Act requires that Duplantier's claims asserted in these two suits be in compliance with the Federal Tort Claims Act, which, in turn, requires "presentment" to the appropriate federal agency and a final written denial of such claim before instituting suit.

---

[5] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. 2675(a).

Defendants challenge existence or exercise of jurisdiction based on their assertion that Duplantier did not comply with FTCA's presentment requirement. Such challenge placed the burden on Duplantier to demonstrate that jurisdiction is proper. Duplantier, however, did not respond to the motions, and nothing in his original or subsequent pleadings, or undisputed facts of record, or the court's resolution of disputed facts reflects that Duplantier presented his tort claims asserted in these two actions to an appropriate federal agency or that the agency issued a final written decision denying Duplantier's claims before he filed these actions. Therefore, these actions must be dismissed for lack of subject-matter jurisdiction.

## V. Conclusion

For the reasons stated above, defendants are entitled to dismissal of all claims in the above-captioned actions for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[6] By separate orders, defendants' motions to dismiss [Docket No. 3 in *Hale-Mitchell*; Docket No. 3 in *Pritchard*] will be granted. Separate final judgments also will be entered simultaneously.

SIGNED this __10__ day of November, 2010.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge

---

[6] In light of this disposition, it is unnecessary to consider other grounds for dismissal advocated in defendants' motions.